# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCUS WOODSON, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV-17-94-D |
| TRACY McCOLLUM, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner who appears *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 in Oklahoma County District Court. Defendants, who are state correctional and private prison officials, removed the action to this Court on January 31, 2017. The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

In his complaint filed in state court, Plaintiff names 28 Defendants. Plaintiff alleges at least eleven claims of constitutional deprivations occurring at several correctional facilities, but few of the claims are accompanied by specific factual allegations as to when the alleged deprivation occurred and which Defendant took what action in support of each claim. The gist of his claims is that transfer and

1

classification decisions have been made without prior hearings, have been harmful to his parole chances, and were made in retaliation for his use of prison grievance procedures. He also complains about being charged with and disciplined for multiple misconducts. In one claim, Plaintiff alleges that "Dr. Trout violated plaintiff's 8th and 14th Amendment Right[s] when he acted with deliberate indifference to plaintiff's serious medical needs by discontinuing plaintiff's back medication and causing the plaintiff un[n]ecessary and wanton infliction of pain . . . ." Complaint, at 11.

The Prison Litigation Reform Act ("PLRA") was enacted in 1996 in response to "a sharp rise in prisoner litigation in the federal courts," and the PLRA was "designed to bring this litigation under control." Woodford v. Ngo, 548 U.S. 81, 84 (2006). One of the PLRA's provisions, codified as 28 U.S.C. § 1915(g), "revoke[s], with limited exception, *in forma pauperis* privileges for any prisoner who has filed three or more lawsuits that fail to state a claim, or are malicious or frivolous." Skinner v. Switzer, 562 U.S. 521, 535-36 (2011). A dismissal entered with or without prejudice "counts as a strike so long as the dismissal is made because the action is frivolous, malicious or fails to state a claim." Smith v. Veterans Admin., 636 F.3d 1306, 1313 (10th Cir. 2011)(quoting Day v. Maynard, 200 F.3d 665, 667 (10th Cir. 1999)(internal quotations and citation omitted).

Since at least December 2011, and due to his history of filing civil actions dismissed as frivolous or for failure to state a claim for relief, Plaintiff has been subject to the three-strikes provision of 28 U.S.C. § 1915(g). See Marcus D. Woodson v. William Barlow, et al., No. CIV-11-1349-D (W.D.Okla. 2011)(Order, Dec. 21, 2011)(DeGiusti, D.J.)(finding Plaintiff is subject to the requirements of 28 U.S.C. § 1915(g)). In Woodson v. Corrections Corporation of America, Case No. 15-422-D, in which Plaintiff sought relief under 42 U.S.C. § 1983, the Court found Plaintiff was subject to the requirements of 28 U.S.C. § 1915(g) and denied his application to proceed *in forma pauperis*. The action was subsequently dismissed without prejudice when Plaintiff failed to pay the full filing fee. In another recent action filed by Plaintiff in this Court seeking relief under 42 U.S.C. § 1983 against nine Defendants, the undersigned has recommended in a Report and Recommendation entered January 17, 2017, that Plaintiff's *in forma pauperis* application be denied and that he be required to pay the full filing fee in order to proceed with that action. Woodson v. Core Civic of America, No. 17-41-D.

Plaintiff's status as a three-strikes litigant raises the issue of whether he should be allowed to proceed with this action despite the fact that it was removed to this Court by Defendants and the full filing fee was paid by Defendants. In two decisions entered in the District Court of Kansas, Lynn v. Peltzer, 2016 WL 4060272 (D.Kan.

2016)(unpublished slip op.), and Evans v. Bristol-Myers Squibb Co., 2016 WL 3184421 (D.Kan. 2016)(unpublished slip op.), the courts determined that removal of the cases was proper under 28 U.S.C. §§ 1332(a), 1332(d) and 1441, and that courts had original subject matter jurisdiction over the prisoner litigant's claims. Further, the courts applied § 1915(g) as though the litigant originally filed the cases in federal district court. Finally, the courts dismissed the prisoner litigants' cases because the litigants failed to satisfy the imminent danger requirement and did not pay the filing fee associated with the federal litigation or satisfy § 1915(g)'s exception to prepayment of the filing fees. The decision in Lynn is currently on appeal before the Tenth Circuit Court of Appeals.

Under the statute, 28 U.S.C. § 1915(g), a prisoner subject to the "three-strikes" provision cannot bring a civil action under the *in forma pauperis* section of the statute "unless the prisoner is under imminent danger of serious physical injury." As persuasively found in Lynn and Evans, Plaintiff cannot circumvent this section even though he filed his complaint in state court and Defendants subsequently removed his civil rights action to federal court and paid the filing fee.

In order to satisfy the three-strikes provision and proceed without prepaying the filing fee, "a prisoner who has accrued three strikes must make specific, credible allegations of imminent danger[.]" Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172,

4

1176 (10th Cir. 2011)(internal quotations and citation omitted). The prisoner "must have alleged an imminent danger at the time he filed his complaint." Id. at 1179. "Vague and utterly conclusory assertions are insufficient." Id. at 1180 (internal quotations, brackets, and citation omitted).

There is no indication in Plaintiff's complaint that he meets the "imminent danger" exception. His allegations are conclusory and directed to previous rather than present circumstances. Accordingly, because Plaintiff does not satisfy the exception to 28 U.S.C. § 1915(g) and he did not prepay the filing fee, this action should be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) due to Plaintiff's failure to satisfy the requirements of 28 U.S.C. § 1915(g) and his failure to prepay the filing fee. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ____February 27th____, 2017, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first

time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   6th   day of   February  , 2017.

*signature*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE