# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MARCUS D. WOODSON,           )
                             )
        Plaintiff,       )
                             )
v.                           )   Case No. CIV-17-94-D
                             )
TRACY McCOLLUM, *et al.*,    )
                             )
        Defendants.      )

## O R D E R

On December 12, 2016, Plaintiff, a state prisoner appearing *pro se*, filed this civil rights action under 42 U.S.C. §§ 1981, 1983, 1985(2) and (3), and 1986 in the District Court of Oklahoma County, Oklahoma. *See* Pet. [Doc. No. 1-4], Case No. CV-16-2564. Plaintiff proceeded in state court *in forma pauperis*. *See* Appl. for IFP [Doc. No. 1-6]; Order Granting IFP [Doc. No. 1-7]. Defendants removed the action to federal court under 28 U.S.C. §§ 1441(a), 1446(a), and Fed. R. Civ. P. 81(c)(1), and paid the $400 filing fee. *See* Notice of Removal [Doc. No. 1] at 1; Receipt No. 1087-2431989.

This matter is before the Court for review of the Report and Recommendation issued by Magistrate Judge Gary M. Purcell on February 6, 2017 [Doc. No. 7]. Upon initial screening, Judge Purcell recommends this action be dismissed without prejudice based on Plaintiff being subject to filing restrictions under the "three strikes" provision of

28 U.S.C. § 1915(g).  *See* R. & R. [Doc. No. 7] at 5.  Plaintiff has timely objected [Doc. No. 9], triggering *de novo* review of the factual and legal issues raised in his Objection.[1]

Plaintiff contends the "three strikes" provision of § 1915(g) is unconstitutional, and that he "should be allowed to dispute whether a [prior] dismissal is even properly classified as a strike."  Obj. [Doc. No. 9] at 3, 7.  Plaintiff further contends that the federal courts have not resolved whether, without complying with § 1915(g), a "three strikes" plaintiff may continue to litigate in federal court once the case is removed by the defendant.  *See id.* at 4.[2]  Relying on *Bartelli v. Beard*, No. 3:CV-08-1143, 2008 WL 4363645 (M.D. Pa. Sept. 24, 2008), Plaintiff requests the Court remand this case back to state court where § 1915(g) is inapplicable.  *Id.* at 5-6.

Plaintiff's first two contentions have no factual or legal basis, and require no lengthy analysis here.  First, the constitutionality of § 1915(g) has been established.  *See White v. State of Colo.*, 157 F.3d 1226, 1235 (10th Cir. 1998) (joining with "the Eleventh, Sixth, and Fifth Circuits in concluding that § 1915(g) does not violate the guarantees of equal protection and due process," and rejecting the plaintiff's constitutional challenge of the statute) (citing *Wilson v. Yaklich*, 148 F.3d 596, 604–05 (6th Cir. 1998); *Rivera v.*

---

[1] Pursuant to Fed. R. Civ. P. 72(b)(3), where the district court refers dispositive matters to a magistrate judge for a report and recommendation, the district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *Id.*; 28 U.S.C. § 636(b)(1); *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015).

[2] Plaintiff further contends that "[i]t is error for this Court to assert that Plaintiff tried to evade and circumvent" the Prison Litigation Reform Act by filing this action in state court. *Id.* at 4-5. However, that is precisely how the question is framed in the courts. *See, e.g.*, *Evans v. Bristol-Myers Squibb Co.*, No. 16-1039, 2016 WL 3184421, *2 (D. Kan. June 8, 2016) (unpublished slip op.) (stating the threshold question as follows: "[C]an a plaintiff through the defendant's removal to federal court, circumvent the 'three strikes rule' as stated in § 1915(g)?").

*Allin*, 144 F.3d 719, 727-28 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997)). Second, Plaintiff's status as a frequent litigator subject to the restrictions of § 1915(g) was previously decided in *Marcus D. Woodson v. William Barlow, et al.*, No. CIV-11-1349-D (W.D. Okla. 2011), Order [Doc. No. 8] at 4, Dec. 21, 2011 ("Plaintiff has at least three 'prior occasions' or strikes, and is subject to . . . § 1915(g).").[3]

Although federal courts are split on the applicability of § 1915(g) to a "three strikes" plaintiff whose case is removed to federal court, Plaintiff's reliance on *Bartelli* is misplaced. In that case, the Middle District of Pennsylvania remanded a § 1983 cause of action to avoid the possible "denial of an indigent litigant's right to appeal." *Bartelli*, 2008 WL 4363645, at *2. *Bartelli* is not binding on this Court. Still, "no Tenth Circuit case law squarely addresses § 1915(g)'s effect on a prisoner plaintiff who is proceeding in forma pauperis in state court and, without paying federal filing fees, is removed to federal court." *Evans*, *infra* note 2, at *3. Therefore, the Court looks to the other circuit courts and district courts within the Tenth Circuit for guidance.

In *Evans*, *infra* note 2, the court followed the Fourth and Eleventh Circuits which determined that actions involving inmates barred by § 1915(g) who filed petitions in state court, once properly removed, "should be decided in federal court according to federal law." *Id.* at *2 (citing *Lisenby v. Lear*, 674 F.3d 259, 263 (4th Cir. 2012); *Lloyd v.*

---

[3] *See Woodson v. Casasanta*, Case No. 2:96-CV-0049 (N.D. Tex. Nov. 19, 1998); *Woodson v. McLeod*, Case No. 2:96-CV-0098 (N.D. Tex. Dec. 8, 1998); *Woodson v. Garfield Cty. Sheriff*, Case No. CIV-05-778-T (W.D. Okla. Aug. 23, 2005); *Woodson v. Garfield Cty. Sheriff's Dep't*, Case No. CIV-05-1204-T (W.D. Okla. Dec. 28, 2006).

*Benton*, 686 F.3d 1225, 1228 (11th Cir. 2012)). The same circuits further "reasoned that § 1915(g) does not deprive district courts of subject matter jurisdiction, and no other legal authority supported remand of the action[s]." *Id.* Accordingly, the *Evans* court granted the defendants' motion to dismiss pursuant to § 1915(g). *Id.* at *3. Similarly, in *Lynn v. Peltzer*, No. 16-3096-JTM-DJW, 2016 WL 4060272 (D. Kan. July 29, 2016) (unpublished slip op.), *appeal dismissed sub nom. Lynn v. Peltzer, et al.* (Aug. 24, 2016), the court relied on the reasoning of the Fourth and Eleventh Circuits and held that a "three strikes" plaintiff was required to comply with § 1915(g) once his case was properly removed. *Id.* at *1.[4]

Following the above reasoning, the Court agrees with Judge Purcell that, although Defendants properly removed this case and paid the full filing fee, the requirements of 28 U.S.C. § 1915(g) are still applicable to Plaintiff. R. & R. [Doc. No. 7] at 3-4. Plaintiff must "'either pre-pay in full all filing fees or make a showing of imminent danger of serious physical injury.'" *Lynn*, 2016 WL 4060272, at *3 (quoting *Lisenby*, 674 F.3d at 262-63); *see also Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011). As mentioned, the filing fee here was paid by the removing defendants. Additionally, Plaintiff's Petition [Doc. No. 1-4] does not meet the imminent danger exception. *See* R. & R. [Doc. No. 7] at 5; *see also Hafed*, 635 F.3d at 1179-80 (requiring imminent danger to be alleged when the complaint is filed, and noting that "[v]ague and utterly conclusory

---

[4] The court in *Lynn* also cited another federal district court which, "after finding that subject matter jurisdiction existed following removal held that 'the procedures that apply to a prisoner action filed in this Court require that a determination be made if the action can proceed or if it is precluded by 28 U.S.C. § 1915(g).'" *Id.* at *2 (quoting *Riggins v. Corizon Med. Servs.*, No. CIV.A. 12-0578-WS-M, 2012 WL 5471248 (S.D. Ala. Oct. 19, 2012)).

assertions are insufficient" to support such allegation).  Plaintiff does not deny that he failed to meet the imminent danger exception, but asserts only that he was not required to plead imminent danger in his state court action.  *See* Obj. [Doc. No. 9] at 7.  Plaintiff's allegations focus on previous, rather than present, circumstances in connection with his confinement.  Accordingly, the Court finds that Plaintiff is a "three strikes" litigant, who has not paid the filing fee, and who has not made specific, credible allegations of imminent danger.

IT IS THEREFORE ORDERED that Plaintiff's Objection [Doc. No. 9] is hereby OVERRULED, and the Report and Recommendation [Doc. No. 7] is ADOPTED in its entirety.

IT IS FURTHER ORDERED that this case is DISMISSED without prejudice to refiling pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED this 9th day of March, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE