# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARCUS D. WOODSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-17-94-D |
| | ) | |
| JOE ALLBAUGH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

This matter is before the Court for review of the Supplemental Report and Recommendation [Doc. No. 52] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Purcell recommends that Defendants' Motion for Summary Judgment [Doc. No. 40] be granted as to all of Plaintiff's claims for failure to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act (PLRA), and that Plaintiff's Motion Requesting More Time and Discovery, and requesting a denial or stay of Defendants' Summary Judgment motion [Doc. No. 47], be denied. Plaintiff, who appears *pro se*, has filed a timely objection [Doc. No. 57] to the Supplemental Report. The Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Upon *de novo* consideration of the issues raised by Plaintiff's Objection, the Court concurs in Judge Purcell's conclusion that Defendants are entitled to summary judgment on the § 1983 claims asserted against them and that the Plaintiff's Motion Requesting More Time and Discovery, etc., be denied. Liberally construing Plaintiff's Objection, the Court finds Plaintiff presents the following specific objections to the Supplemental Report: (1) that Judge Purcell improperly denied his Fed. R. Civ. P. 56(d) Motion Requesting More Time in that he has not had an opportunity to conduct discovery and needs discovery to provide facts in dispute; (2) Plaintiff either did exhaust his administrative remedies or he was improperly prevented from doing so; and, (3) Judge Purcell improperly attempted to resolve factual disputes. [Doc. No. 52] at 6, 7, 9.

**I.      Summary Judgment Standard**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Universal Underwriters Ins. Co. v. Winton*, 818 F. 3d 1103, 1105 (10th Cir. 2016). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way" and "[a]n issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The court's inquiry must be whether the evidence, when viewed "through the prism of the substantive evidentiary burden," *Anderson*, 477 U.S. at 254, "presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52.  As the Magistrate Judge explained, "material facts" are "facts that might affect the outcome of the suit under the governing law. . . ." *Id*. at 248.  Although the Court views all facts in the light most favorable to the nonmoving party at the summary judgement stage, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id*. at 249 (citations omitted).

"[I]n opposing a motion for summary judgment, the non-moving party 'cannot rest on ignorance of facts, on speculation, or on suspicion.'" *Bird v. W. Valley City*, 832 F.3d 1188, 1199 (10th Cir. 2016) (quoting *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988)).  The nonmoving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery." *Anderson*, 477 U.S. at 257.  "A party asserting that a fact ... is genuinely disputed must support the assertion by ... citing to particular parts of materials in the record...." *See* Fed. R. Civ. P. 56(c)(1)(B); *see also Adler*, 144 F.3d at 671-72 (to show a genuine dispute of material facts, "the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits.").  Conclusory statements are not sufficient to create a genuine issue of material fact.  *Adler*, 144 F.3d at 674.

## II. Plaintiff's Rule 56(d) Motion for Additional Time to Conduct Discovery

The Court agrees with the Magistrate Judge's interpretation that Plaintiff's Motion [Doc. No. 47] seeks relief under Fed. R. Civ. P. 56(d) to conduct additional discovery.

Pursuant to Fed. R. Civ. P. 56(d), in order for the Court to grant such a motion, the nonmoving party must "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."[1]

However, "a party's mere hope that discovery may yield further evidence is insufficient to defeat a summary judgment motion." *Trans–Western Petroleum, Inc. v. United States Gypsum Co.*, 830 F.3d 1171, 1175 (10th Cir. 2016) (quoting *Bryant v. O'Connor*, 848 F.2d 1064, 1067 (10th Cir. 1988)); *Miller v. United States*, 710 F.2d 656, 666 (10th Cir. 1983). The party seeking additional time to conduct discovery "must specify (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (quoting *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015) (alteration in original) (quotations omitted). Plaintiff failed to establish any of these requirements in his Response to Defendants Motion.

The entirety of Plaintiff's argument for additional discovery in his Motion consists of two statements: (1) "[P]laintiff cannot obtain affidavits from witness [sic] due to his

---

[1] Plaintiff's Declaration in Opposition to Defendants' Motion to Dismiss/Motion for Summary Judgment [Doc. No. 48] serves as his Response to Defendants' Motion for Summary Judgment and will be referred to herein for simplicity as "Response." However, construing *pro se* Plaintiff's filings liberally, the Court will also consider Plaintiff's Response as the declaration required by Fed. R. Civ. P. 56(d) to support his Motion Requesting More Time for additional discovery.

placement on maximum security"; and, (2) he "has not had the opportunity for discovery and is unable to submit the necessary affidavits and other evidence to oppose the Defendants Summary Judgment Motion."  [Doc. No. 47] at 2, 3.  Plaintiff's Response provides the following, slightly more detailed argument that he has been denied:

> adequate opportunity to conduct discovery where the facts are in the possession of the moving party, its policies and records and classifications notes, and memoranda regarding the illegal transfers, conditions of confinement and grievance records which the Plaintiff is currently being denied access to Defendants [sic] additionally [sic] abuse policy to restrict and bar the Plaintiff from accessing the Court.

[Doc. No. 48] at 1.  The Court agrees with Judge Purcell that none of these assertions contains the requisite specificity demanded under Fed. R. Civ. P. 56(d) and Tenth Circuit case law in that they are "general and conclusory."  [Doc. No. 52] at 4.

The Court agrees with Judge Purcell's recommendation that Plaintiff's Motion Requesting More Time be denied.  Moreover, the Court also agrees with Judge Purcell that further discovery would be futile as Defendants have met their burden to establish the affirmative defense of failure to exhaust administrative remedies and that the record is sufficient for the Court to resolve the relevant legal issues.

### III. The PLRA and Exhaustion of Administrative Remedies

Defendants assert the affirmative defense of failure to exhaust administrative remedies as required by the PLRA.  The PLRA provides that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

5

42 U.S.C.A. § 1997e. The Supreme Court has clearly stated that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910, 918–19, 166 L. Ed. 2d 798 (2007). "To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S. Ct. 2378, 2385, 165 L. Ed. 2d 368 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).

In asserting this affirmative defense, "Defendants thus bear the burden of asserting and proving that the plaintiff did not utilize administrative remedies." *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011) (citing *Jones v. Bock,* 549 U.S. 199, 212, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)). Defendants must establish: (1) administrative remedies were available to Plaintiff; and, (2) Plaintiff did not comply with the PLRA requirement that he follow through on all of the steps of the administrative remedies.

Once a defendant establishes the affirmative defense of failure to exhaust administrative remedies, the nonmoving party can avoid summary judgement by showing a genuine dispute as to whether the administrative remedies were capable of use or the "remedies were unavailable to him as a result of intimidation by prison officials." *Tuckel*, 660 F.3d at 1254. "[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'"

*Ross v. Blake*, 136 S. Ct. 1850, 1859, 195 L. Ed. 2d 117 (2016) (quoting *Booth,* 532 U.S., at 738, 121 S.Ct. 1819). An inmate asserting that intimidation prevented him from exhausting available remedies, must demonstrate:

> (1) that the threat or intimidation actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the prison administrative process; and (2) that the threat or intimidation would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the prison administrative process that the inmate failed to exhaust.

*Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011).

Judge Purcell provided a detailed review of the evidentiary materials supplied, and relied upon, by Defendants to demonstrate that Plaintiff failed to exhaust the administrative remedies available to him under the Oklahoma Department of Corrections Grievance Process.[2] [Doc. No. 52] at 7-8. Plaintiff did not respond to Defendants' argument and evidence that he failed to exhaust administrative remedies. The only mention Plaintiff makes of any issue related to failure to exhaust is that he "submitted numerous Requests to Staff" relating to claims regarding "D.O.C. policies 060102, 060203, and 060125 and 060107." [Doc. No. 48] at 3, 4. Without any further explanation as to the history or outcome of those Requests to Staff, or evidence in support, Plaintiff asserts he "did exhaust, and was often intimidated not to do so." *Id.*

As discussed by Judge Purcell, a Request to Staff is merely the first step in the Grievance Process and by no means indicates "compliance with an agency's deadlines and

---

[2] Judge Purcell provided a thorough and accurate outline of the Grievance Process in his Report. As such, the Court finds no reason to repeat that overview except where it deems additional details are required.

other critical procedural rules" including proceeding through "all steps that the agency holds out, and doing so *properly*." *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S. Ct. 2378, 2385 (internal quotations omitted) (emphasis in original). Neither Plaintiff's Response nor his Motion Requesting More Time offer any further argument or evidence to refute Defendants' affirmative defense of failure to exhaust.

As Judge Purcell articulated, Plaintiff failed to meet his burden to create a genuine dispute of fact as to whether he exhausted the available administrative remedies or whether he was prevented from so doing by intimidation or threat. [Doc. No. 52] at 10, 11. Plaintiff does not allege in his Response that there are no administrative remedies capable of use or that the remedies available to him are inadequate. Plaintiff's briefing is primarily directed to the merits of his legal claims and completely lacking in any evidence to support a contention that he exhausted the administrative remedies or that he was intimidated.

In his Objection, Plaintiff asserts, for the first time, an argument to support his statement that Defendants prevented him through intimidation from exhausting the administrative remedies. Plaintiff argues that Defendants "threatened, and intimidated and or transferred" him and makes generalized, unsupported, conclusory assertions that: (1) "grievances either comes [sic] up lost, or officials simply claim they never received it so your [sic] now time restrained"; (2) Defendants "held the grievance for an excessive period of time"; (3) "Defendants simply would either try to mislead him, or impede the Plaintiff in some way in order to prevent him from completing the process of exhaustion"; and, (4) he would be "threatened with retaliation from supervisory officials or moved from one area of the prison to the more restrictive area," or "sanctioned [] with Grievance Restriction, in

8

order to impede his ability to properly exhaust." [Doc. No. 57] at 7, 9, 10. Plaintiff also argues for the first time in his Objection that the administrative remedies, i.e., the Grievance Procedure, "is clearly designed to thwart the offender/plaintiff from obtaining a response and or completing exhaustion." [Doc. No. 57] at 7.

All of Plaintiff's new arguments are waived. See *Gonzales v. Ledezma*, 417 Fed. Appx. 824, 826 (10th Cir. 2011) (quoting *Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). However, even if the Court considered Plaintiff's new arguments, they are unpersuasive. First, Plaintiff points to no specific incidents in any of his allegations of intimidation or threat. Second, he presents no evidence as to how the alleged intimidation prevented him from exhausting his remedies; Plaintiff merely asserts that actions of a threatening or intimidating nature occurred. Third, despite his argument to the contrary, the Grievance Procedure provides for filing an appeal after a time certain regardless of whether a response was received to a "Request to Staff":

> If there has been no response in 30 days, but no later than 60 days, of submission, the inmate may file a grievance to the reviewing authority with a copy of the "request to Staff" attached to the grievance form. The grievance may assert only the issue of the lack of response to the "Request to Staff."

See [Doc. No. 38-12] at 9.[3] Therefore, his argument that the failure of the prison to respond prevented him from exhausting his grievances is without merit. Whether these grievances "either come up lost, or officials simply claim they never received it," there was an

---

[3] Plaintiff does not object to, contradict, or present evidence contradicting this provision as presented by Defendants.

available process for Plaintiff to exhaust his remedies. [Doc. No. 52] at 7. Based on Plaintiff's assertions, he admits that he did not pursue exhaustion of his grievances pursuant to the available provisions of the Grievance Process.

The Court agrees that Plaintiff has failed to meet his burden to overcome Defendants' affirmative defense of failure to exhaust and agrees that summary judgment should be granted to Defendants on all of Plaintiff's § 1983 claims.

## IV. Improper Resolution of Factual Disputes

Plaintiff asserts that Judge Purcell improperly "attempts to 'identify' and resolve 'factual' disputes, [sic] and issues." [Doc. No. 57] at 6. The Court interprets this assertion as challenging Judge Purcell's findings that Plaintiff failed to: (1) satisfy his burden under Fed. R. Civ. P. 56(d) to "show[] by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition" to Defendants' Motion; and, (2) sufficiently dispute Defendants' evidence of failure to exhaust. Plaintiff does not identify any specific error by Judge Purcell in his examination of the factual disputes or issues. Instead, Plaintiff asserts that:

> [t]he Magistrates [sic] Supplemental Report and Recommendation is biased and in error on several points, clearly with the intent of just rubber stamping the States [sic] argument and overlooking any and all facts regarding the Plaintiffs allegations, the sworn affidavits, and declarations submitted with his Response to the Defendants' Motion for Summary Judgement [sic].

[Doc. No. 57] at 6.

Upon review of Defendants' Motion and Plaintiff's Response, the Court concludes Judge Purcell's determination that matters put forth by Plaintiff lacked evidentiary support or were supported only by conclusory statements is correct. As discussed above, Plaintiff

10

failed to present sufficient evidence pursuant to Fed. R. Civ. P. 56(d) to justify additional discovery and failed to present sufficient evidence to survive a motion for summary judgement pursuant to Fed. R. Civ. P. 56(c). Plaintiff's general, and conclusory objection is, likewise, unsupported.

## CONCLUSION

For these reasons, the Court finds that Defendants are entitled to summary judgment on all of Plaintiff's claims.

**IT IS THEREFORE ORDERED** that the Supplemental Report and Recommendation [Doc. No. 62] is **ADOPTED**. Defendants' Motion for Summary Judgment [Doc. No. 40] is **GRANTED**. A final judgment shall be entered in favor of Defendants and against Plaintiff as to all claims.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting More Time and Discovery, and that the Defendants' Motion for Summary Judgment be Denied [and/or] Stayed [Doc. No. 47] is **DENIED**.

**IT IS SO ORDERED** this 19th day of December 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE